**NOT FOR PUBLICATION**

FILED
DEC 22 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

ENTERED
DEC 22 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>FERNANDO G. LLAMAS,<br><br>               Debtor.<br><br>DAVID L. HAHN,<br>CHAPTER 7 TRUSTEE,<br><br>               Plaintiff,<br><br>v.<br><br>EDNA LEONG,<br><br>               Defendant. | Case No. 2:10-bk-17144-PC<br><br>Chapter 7<br><br>Adversary No. 2:10-ap-01991-PC<br><br>**MEMORANDUM DECISION RE: DEFENDANT'S MOTION TO DISMISS ADVERSARY PROCEEDING**<br><br>Date: November 30, 2010<br>Time: 9:30 a.m.<br>Place: United States Bankruptcy Court<br>       Courtroom # 1539<br>       255 East Temple Street<br>       Los Angeles, CA 90012 |

Before the court is the motion of Defendant, Edna Leong ("Leong") to dismiss the first amended complaint filed by Plaintiff, David L. Hahn, Chapter 7 Trustee ("Hahn") in the above referenced adversary proceeding. At the hearing, Kathleen M. Goldberg appeared for Hahn and Wesley H. Avery appeared for Leong. The court, having considered Leong's motion, Hahn's opposition thereto, Leong's reply, and the arguments of counsel, grants, in part, and denies, in part, the relief requested in the motion based upon the following findings of fact and conclusions of law[1] pursuant to F.R.Civ.P. 52(a)(1),[2] as incorporated into FRBP 7052.

---

[1] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent that any conclusion of law is construed to be a finding of fact, it is hereby adopted as such.

The court does not consider evidence in adjudicating a motion to dismiss under Rule 12(b)(6). Rule 12(b)(6) permits the consideration of matters outside the pleadings only if the motion for dismissal is converted into a motion for summary judgment. See Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549 (9th Cir. 1998); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996). Matters outside the pleadings include affidavits and judicial notice of the record or transcripts from prior court proceedings. See Fernandez v. GE Capital Mortgage

# I. STATEMENT OF FACTS

On June 3, 2010, Hahn filed his complaint against Leong in this adversary proceeding seeking to avoid, either as allegedly preferential or fraudulent, a transfer by Fernando G. Llamas ("Debtor") to Leong of his interest in certain real property at 1820 North Fairview Drive, Burbank, California ("Burbank Property"). On August 2, 2010, Leong filed a motion under F.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)") seeking a dismissal of Hahn's complaint on the grounds that it failed to state a claim upon which relief could be granted. Before the hearing on Leong's motion, Hahn filed a motion seeking a preliminary injunction to prevent Leong from either encumbering or transferring the Burbank Property pending an adjudication of the claims made the basis of Hahn's complaint. Leong opposed the requested injunction.

At a hearing on September 28, 2010, the court denied Hahn's motion for a preliminary injunction and granted Leong's Rule 12(b)(6) motion with leave to amend. An Order on Defendant's Motion to Dismiss Adversary Proceeding was entered on October 6, 2010. An Order Denying Plaintiff's Motion for Injunction was entered on October 14, 2010.

On October 1, 2010, Hahn filed Trustee's First Amended Complaint against Edna Leong for: (1) Avoidance of Actual Intent Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(A); (2) Avoidance of Constructive Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B); (3) Avoidance

---

Servs., Inc., 227 B.R. 174, 179-80 (9th Cir. BAP 1998), aff'd, 208 F.3d 220 (9th Cir. 2000). "Most federal courts . . . view[] the words 'matters outside the pleading' as including any written or oral evidence introduced in support of or in opposition to the motion challenging the pleading that provides some substantiation for and does not merely reiterate what is said in the pleadings." 5A Charles Alan Wright & Arthur B. Miller, Fed. Prac. & Proc. Civ.2d § 1366, at 499-500 (1990). Therefore, the court overrules Plaintiff's evidentiary objections # 1 and # 2 and sustains evidentiary objections # 3 and # 4.

[2] Unless otherwise indicated, all "Code," "chapter" and "section" references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330 after its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "Rule" references are to the Federal Rules of Bankruptcy Procedure ("FRBP"), which make applicable certain Federal Rules of Civil Procedure ("F.R.Civ.P.").

-2-

of Actual Intent Fraudulent Transfer Under 11 U.S.C. § 544 and California Civil Code §§ 3439, et seq.; (4) Avoidance of Constructive Fraudulent Transfer Under 11 U.S.C. § 544 and California Civil Code §§ 3439, et seq.; (5) Avoidance of Preferential Transfer Under 11 U.S.C. § 547; (6) Recovery of Transfer Per § 550; (7) Injunction Preventing Further Transfer or Encumbrance of Property; and (8) For Declaration That the 100% Interest in the Property is Property of the Bankruptcy Estate ("First Amended Complaint").

On October 15, 2010, Leong moved to dismiss Hahn's First Amended Complaint under Rule 12(b)(6), alleging that it also fails to state a claim upon which relief can be granted. Leong argues, in pertinent part, that:

> The preference cause of action should be dismissed as no facts have been alleged (or can be alleged) to fulfill two of the five elements of Section 547(b). No antecedent debt was owed to [Leong], and because the Transfer of a marital asset was ordered by the dissolution court, no property of the Debtor was paid to [Leong] as a matter of law. Because [Hahn] cannot plead a prima facie cause of action, it should be dismissed.
>
> As for the fraudulent transfer causes of action, hey [sic] must be dismissed under Ninth Circuit precedent as in the absence of a particularized allegation of fraud, reasonably equivalent value was conclusively given for the Transfer pursuant to the Divorce Judgment. See In re Bledsoe, 569 F.3d 1106 (9th Cir. 2009) ("as a matter of law, the debtor received 'reasonably equivalent value' from a state-court resolution judgment"). In Bledsoe, as discussed at the Prior Hearing, the Ninth Circuit refused to let a bankruptcy trustee collaterally attack the transfers made pursuant to a dissolution judgment where "the state-court judgment granted Defendant items valued at $93,737, while Debtor received items valued at only $788" as no particularized fraud was alleged. Bledsoe is directly on point in the case at bar.

Leong's Motion, 8:8-21. After a hearing on November 30, 2010, the matter was taken under submission.

## II. DISCUSSION

This court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H) and (O). Venue is appropriate in this court. 28 U.S.C. § 1409(a).

A. Standard for Dismissal Under Rule 12(b)(6)

Rule 12(b)(6) authorizes the court, upon motion of the defendant, to dismiss a complaint

- 3 -

for failure to state a claim upon which relief can be granted. F.R.Civ.P. 12(b)(6).[3] Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." F.R.Civ.P. 8(a)(2).[4] "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S.Ct. 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept plaintiff's legal conclusions as true. Iqbal, 129 S.Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

In sum, Twombly raised the bar for notice pleadings under Rule 8(a) such that a complaint will not survive a motion to dismiss under Rule 12(b) unless "the non-conclusory 'factual content,' and reasonable inferences from that content . . . plausibly [suggest] a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009); see Limestone Dev. Corp. v. Vill. of Lemont, Ill., 520 F.3d 797, 802-03 (7th Cir. 2008) (stating that Twombly "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case").

---

[3] Rule 12(b)(6) is applicable to adversary proceedings by virtue of FRBP 7012(b).

[4] Rule 8(a) is applicable to adversary proceedings by virtue of FRBP 7008(a).

- 4 -

B. The Heightened Pleading Standard for Allegations of Fraud.

Hahn's First Amended Complaint alleges four causes of action based on fraud, i.e., (1) (1) Avoidance of Actual Intent Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(A); (2) Avoidance of Constructive Fraudulent Transfer Under 11 U.S.C. § 548(a)(1)(B); (3) Avoidance of Actual Intent Fraudulent Transfer Under 11 U.S.C. § 544 and California Civil Code §§ 3439, et seq.; and (4) Avoidance of Constructive Fraudulent Transfer Under 11 U.S.C. § 544 and California Civil Code §§ 3439, et seq. Leong moves to dismiss Hahn's First, Second, Third and Fourth Claims for Relief based on fraud on the grounds that Hahn has failed to allege those causes of action with sufficient particularity as required by F.R.Civ.P. 9(b) ("Rule 9(b)").

Rule 9(b) states that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." F.R.Civ.P. 9(b). Allegations under Rule 9(b) must be stated with "specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). The pleading must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).

To state a claim for fraud, the plaintiff must also plead knowledge of falsity, or scienter. See In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1546 (9th Cir. 1994) (en banc). The requirement for pleading scienter is less rigorous than that which applies to allegations regarding the "circumstances that constitute fraud" because Rule 9(b) states that "malice, intent, knowledge, and other condition of mind of a person may be averred generally." F.R.Civ.P. 9(b). However, the plaintiff must "set forth facts from which an inference of scienter could be drawn." Cooper v. Pickett, 137 F.3d 616, 628 (9th Cir. 1997) (quoting GlenFed, 42 F.3d at 1546). Rule 9(b)'s heightened pleading standard applies to allegations of fraud and allegations sounding in fraud, including false misrepresentations. See Vess, 317 F.3d at 1106-07; Neilson v. Union Bank

-5-

1 of Cal., N.A., 290 F.Supp.2d 1101, 1141 (C.D. Cal. 2003).

C. **Hahn's Claims Based on Actual Fraud**.

Section 548(a)(1)(A) states, in pertinent part, that "[t]he trustee may avoid any transfer . . . of an interest of the debtor in property, or any obligation incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily . . . made such transfer or incurred such obligation with the actual intent to hinder, delay, or defraud any entity to which the debtor was or became, on or after the date that such transfer was made or such obligation was incurred, indebted." 11 U.S.C. § 548(a)(1)(A). Section 544(b), on the other hand, gives a bankruptcy trustee the power to avoid any transfer of an interest of the debtor in property that is voidable under non-bankruptcy law by a creditor holding an allowable unsecured claim. 11 U.S.C. § 544(b). In California, a transfer effectuated under a marital settlement agreement can be avoided as a fraudulent transfer pursuant to California's Uniform Fraudulent Transfer Act ("UFTA"), Cal. Civ. Code § 3439.01, et seq. See Mejia v. Reed, 31 Cal.4th 657, 3 Cal.Rptr.3d 390, 74 P.3d 166, 173-74 (2003). "While intent to defraud is the usual rubric, the intended effect of the transfer [under either § 548(a)(1)(A) or California's UFTA] need only be hindrance of a creditor or delay of a creditor." Wolkowitz v. Beverly, (In re Beverly), 374 B.R. 221, 235 (9th Cir. BAP 2007).

With respect to the causes of action against Leong based on actual intent to hinder, delay, or defraud, Hahn alleges:

> 10.  The Debtor and Ms. Leong acquired the [Burbank Property] by Grant Deed recorded on February 26, 1993.
>
> 11.  The Debtor and Ms. Leong legally acquired title to the [Burbank] Property as "husband and wife, as community property" . . .
>
> 19.  In November of 2009, the Debtor owed Onyx Acceptance Corporation over $12,000.00, Chase Bank USA over $28,000.00, Capital One Bank USA over $10,000.00, and State Farm Bank over $5,000.00 for a total of over $55,000.00 in debt by the Debtor.
>
> 20.  On December 1, 2009 at 11:24 am, the Debtor filed a verified Complaint for Divorce, in the Superior Court of Guam, seeking dissolution of his marriage to Ms. Leong . . .

- 6 -

22. In the verified Complaint for Divorce, the Debtor indicated that he was married to Ms. Leong in Los Angeles, California on February 5, 1989 and they separated on November 6, 2009.

23. On December 1, 2009 at 11:24 am, a document entitled "Appearance; Waiver of Notice; and Consent" was filed in the Superior Court of Guam . . .

25. The Appearance; Waiver of Notice; and Consent was only to be effective if the divorce judgment contained the following language: "Fernando Llamas will convey his interest in the [Burbank Property] to Edna Leong within 30 days of the divorce."

26. The Appearance; Waiver of Notice; and Consent was signed and sworn to by Ms. Leong before a notary in Los Angeles County on November 6, 2009.

27. Based upon the Appearance; Waiver of Notice; and Consent, the Guam divorce proceeding of the Debtor and Ms. Leong was an uncontested divorce . . .

29. On minute later, on December 1, 2009 at 11:25 am, an Interlocutory Judgment of Divorce was filed with the Superior Court of Guam.

30. In the Interlocutory Judgment of Divorce, the Judge for the Superior Court of Guam found that the Court had acquired jurisdiction over the matter based upon the fact that the Debtor had been a resident of Guam for at least 7 days and that Ms. Leong consented to the divorce, entered her appearance and consented that the divorce matter court be heard as a default matter.

31. In the Interlocutory Judgment of Divorce, the Judge for the Superior Court of Guam ordered that the Debtor and Ms. Leong are entitled to divorce and are to be restored to the status of single persons.

32. In the Interlocutory Judgment of Divorce, the Judge for the Superior Court of Guam ordered that the Debtor and Ms. Leong are to have joint custody of the minor child and that the Debtor was to provide for his education expenses in lieu of child support.

33. In the Interlocutory Judgment of Divorce, the Judge for the Superior Court of Guam ordered the Debtor to convey his interest in the [Burbank] Property to Ms. Leong within thirty (30) days of the granting of the divorce.

34. In the Interlocutory Judgment of Divorce, the Judge of the Superor Court of Guam ordered that the Debtor and Ms. Leong were able to divide their remaining community property to their mutual satisfaction . . .

42. The actions of the Debtor and Ms. Leong in obtaining the Final Judgment of Divorce was the first step in the Transfer.

43. On or about January 5, 2010, a Quitclaim Deed transferring the Debtor's interest in [the Burbank] Property to Ms. Leong was recorded with the Los Angeles County Recorder's Office ("Quitclaim Deed").

44. The actions of the Debtor and Ms. Leong in entering into and recording the Quitclaim Deed is the second step in the Transfer.

45. "Transfer" is defined as a two-step transaction consisting of the first step of the obtaining of the Divorce Judgment and the second step of the recording of the Quitclaim Deed that lead to the transfer of the [Burbank] Property from the community property of the Debtor and Ms. Leong to the separate property of Ms. Leong . . .

First Amended Complaint, 3:4 – 6:20.

53. On February 26, 2010 ("Petition Date"), the Debtor filed for relief under Chapter 7 of the Bankruptcy Code in the Central District of California, Los Angeles Division ("Current Bankruptcy").

54. Prior to the Petition Date, Onyx Acceptance Corporation, Chase Bank USA, Capital One Bank USA, and State Farm Bank were not paid in full on the debts owing to them from the Debtor.

55. Onyx Acceptance Corporation, Chase Bank USA, Capital One Bank USA, and State Farm Bank are creditors of the Current Bankruptcy Estate . . .

57. The Transfer to Ms. Leong was made within two years prior to the Petition Date.

58. The Transfer was of the Debtor's interest in the [Burbank] Property . . .

60. The Debtor made the Transfer to Ms. Leong with the actual intent to hinder, delay or defraud creditors of this Bankruptcy Estate.

61. The Debtor and Ms. Leong conspired and colluded in obtaining the Divorce Judgment . . .

Id., 7:11 – 8:2.

77. At the time of the Transfer, pursuant to the Current petition, schedules, and statement of financial affairs, the Debtor was unemployed with his only sources of income as unemployment benefits and voluntary support from his friends and relatives.

78. At the time of the Transfer, pursuant to the Current petition, schedules, and statement of financial affairs, the Debtor had been unemployed for nearly three years.

79. At the time of the Transfer, the Debtor had over $55,000.00 in debt owing to his creditors, not including the Debtor's obligation on any Deeds of Trust secured by the Property.

80. After the Transfer, the Debtor had only $3,770.00 in non-exempt assets.

81. By reason of the foregoing, the Trustee is entitled to avoid the Transfer . . . .

Id., 9:12 – 20.

Actual intent to hinder, delay, or defraud is a question of fact established by a preponderance of the evidence of circumstances surrounding the transaction. See Beverly, 374 B.R. at 235. In the absence of direct evidence, the issue of fraud is determined by reference to certain statutory "badges of fraud." Id. at 237. Defendant argues that Plaintiff has failed to establish a prima facie case of fraud, citing only "four [of the eleven badges] of fraud under Cal. Civ. Code § 3439.04(b) . . . in the Amended Complaint . . . for which no competent evidence is proffered." Defendant's Motion, 18:12-13; 19:6 ("Even citing these four badges of fraud, the Trustee has no prima facie case against the Defendant."). The court does not weigh evidence in determining a Rule 12(b) motion. The salient issue before the court on a Rule 12(b)(6) motion is whether Hahn's First Amended Complaint states a plausible claim for relief under § 548(a)(1) or § 544, not whether he has established a prima facie case for that relief.

In the First Amended Complaint, Hahn alleges that Debtor owed money to Onyx Acceptance Corporation ("Onyx"), Chase Bank USA ("Chase"), Capital One Bank USA ("Capital One"), and State Farm Bank ("State Farm") immediately before the Burbank Property was conveyed to Leong. There is no allegation that the Debtor was either delinquent in payments due to Onyx, Chase, Capital One, or State Farm or in litigation with Onyx, Chase, Capital One, or State Farm on the date of the transfer. Nor does Hahn allege that Debtor's divorce from Leong was a sham or that either Leong or the Debtor made any false statement in conjunction with their divorce or property settlement agreement. Hahn concedes the fact that Leong waived any legally cognizable right to spousal support or child support from the Debtor in conjunction with the divorce in consideration for a transfer of the Debtor's right, title, and interest in the Burbank Property as part of their property settlement.

On the other hand, the transfer to Leong was a transfer to an insider. Cal. Civ. Code § 3439.04(b)(1); see Beverly, 374 B.R. at 237. Hahn alleges that the Debtor had been unemployed for nearly three years at the time of the transfer, that his only source of income was unemployment benefits and support from family and relatives, that he owed in excess of $55,000

1  to creditors at the time of the transfer, and that the transfer of the Burbank Property to Leong, an
2  insider, left him with only $3,770 in non-exempt assets. The factual allegations of Hahn's First
3  Amended Complaint are beyond threadbare and sufficient to put Leong on notice as to precisely
4  what conduct she is alleged to have engaged. While it remains to be seen if Hahn can establish a
5  prima facie case for the relief sought, the court concludes that Hahn's First Amended Complaint
6  states a plausible claim based on actual intent to hinder, delay or defraud.
7  D. Hahn's Claims Based on a Constructive Fraudulent Transfer.
8       Section 548(a)(1)(B) states, in pertinent part, that "[t]he trustee may avoid any transfer .
9  . . of an interest of the debtor in property, or any obligation incurred by the debtor, that was made
10 or incurred on or within 2 years before the date of the filing of the petition, if the debtor
11 voluntarily or involuntarily . . . received less than a reasonably equivalent value in exchange for
12 such transfer or obligation; and . . . was insolvent on the date that such transfer was made or such
13 obligation was incurred, or became insolvent as a result of such transfer or obligation . . . . 11
14 U.S.C. § 548(a)(1)(B). A constructive fraudulent transfer may also be avoided under California's
15 UFTA by application of Section 544(b). 11 U.S.C. § 544(b).
16      With respect to both causes of action against Leong based on a constructive fraudulent
17 transfer, Hahn alleges that the "Debtor received less than reasonably equivalent value in
18 exchange for the Transfer" and that the "Debtor was rendered insolvent by virtue of the
19 Transfer." First Amended Complaint, 10:26–28; 11:13–16. Leong asserts that, absent
20 allegations of collusion or actual intent to defraud, a transfer made pursuant to a marital
21 dissolution judgment conclusively establishes reasonable equivalent value for purposes of §
22 548(a)(1)(B), citing Batlan v. Bledsoe (In re Bledsoe), 569 F.3d 1106 (9th Cir. 2009).
23      In Bledsoe, the debtor filed a chapter 7 case in Oregon following a "hotly contested"
24 divorce in which "a substantial majority of the parties' assets" were awarded to his former
25 spouse. The trustee filed a complaint seeking to avoid the transfer under §§ 544 and
26 548(a)(1)(B). Batlan v. Bledsoe (In re Bledsoe), 350 B.R. 513, 515 (Bankr. D. Or. 2006), aff'd,
27

- 10 -

569 F.3d 1106 (9th Cir. 2009). The bankruptcy court granted a summary judgment in favor of the former spouse and the Ninth Circuit affirmed, stating:

> In conclusion, we hold that a state court's dissolution judgment, following a regularly conducted contested proceeding, conclusively establishes reasonably equivalent value' for purposes of § 548, in the absence of actual fraud.

Bledsoe, 549 F.3d at 1112.

Bledsoe is distinguishable on three grounds. First, the divorce between the Debtor and Leong was consensual, not contested. Second, Hahn has alleged facts that could form the basis for a finding of fraud or collusion between the Debtor and Leong in his First Amended Complaint with sufficient particularity to state a plausible claim for relief. Finally, Bledsoe was decided on evidence based upon a motion for summary judgment, not on the pleadings under Rule 12(b)(6). The court finds that Hahn's First Amended Complaint contains sufficient facts to state causes of action based on a constructive fraudulent transfer that are plausible on their face.

E. Preferential Transfer.

Section 547(b)(2) states, in pertinent part, that a transfer is avoidable as a preference only if it is made "for or on account of an antecedent debt owed by the debtor before such transfer was made . . . ." 11 U.S.C. § 547(b)(2). Leong argues that "[t]he preference cause of action should be dismissed as no facts have been alleged (or can be alleged) to fulfill two of the five elements of Section 547(b)," i.e., "[n]o antecedent debt was owed to the Defendant, and because the Transfer of a marital asset was ordered by the dissolution court, no property of the Debtor was paid to the Defendant as a matter of law." Leong's Motion, 8:8–11. Hahn claims that the divorce judgment between the Debtor and Leong, which was final on January 1, 2010, created an obligation by the Debtor to transfer the Burbank Property to Leong, and that the Debtor's quitclaim deed of the Burbank Property to Leong on January 5, 2010, pursuant to the dissolution judgment was "on account of an antecedent debt."

Accepting as true the factual allegations contained in the First Amended Complaint, Debtor transferred the Burbank Property to Leong pursuant to a divorce judgment. Courts have

held that the transfer of an interest in a marital property to an ex-spouse pursuant to a divorce decree does not constitute payment on account of an antecedent debt. See, e.g., Keller v. Keller (In re Keller), 185 B.R. 796, 801 (9th Cir. BAP 1995) (holding that a transfer of certain proceeds from the sale of a family residence for the payment of child and spousal support pursuant to state court post-dissolution orders issued within 90 days of the debtor's bankruptcy did not constitute a preference); Roost v. Wilbur (In re Parker), 241 B.R. 722, 725 (Bankr. D. Or. 1999) ("The determination, and the consequent division of assets, do not constitute a transfer to a creditor on account of an antecedent debt."); Barnhill v. Vaudreuil (In re Busconi), 177 B.R. 153, 159-60 (Bankr. D. Mass. 1995) (holding that the transfer of a martial home required by a divorce judgment was not made for an antecedent debt); Harman v. Sorlucco (In re Sorlucco), 68 B.R. 748, 752 (Bankr. D.N.H. 1986) (stating that an "attack as a preferential transfer under § 547 . . . is not applicable since no 'antecedent debt' within the meaning of the statute [is] involved"). Because there was no antecedent debt owing by the Debtor to Leong at the time Leong acquired the Debtor's interest in the Burbank Property, Hahn's First Amended Complaint fails to state a plausible claim for relief under § 547(b)(2).

F. Declaratory Judgment.

Declaratory relief operates prospectively and is designed to resolve uncertainties and disputes that may result in future litigation, not to redress past wrongs. StreamCast Networks, Inc. v. IBIS LLC, 2006 WL 5720345, at *3 (C.D. Cal. 2006). "A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action." Mangindin v. Washington Mutual Bank, 637 F.Supp.2d 700, 709 (N.D. Cal. 2009).

Here, Hahn seeks declaratory relief in the form of a judicial declaration that "upon avoidance of the Transfer . . . the 100% interest in the [Burbank] Property is property of the Bankruptcy Estate." First Amended Complaint, 14:2-3. By avoiding the transfer as a fraudulent or preferential transfer, Hahn seeks to recover from Leong whatever interest the Debtor had in

the Burbank Property on the date of the transfer.[5] Upon review of Hahn's other causes of action, the court finds that the declaratory relief Hahn seeks is entirely commensurate with the relief sought through his other causes of action. Therefore, Hahn's Eighth Claim for Relief is duplicative and unnecessary.

G. Injunctive Relief.

An injunction is a remedy, not an independent cause of action. Mangindin, 637 F.Supp.2d at 709; see Curtis v. Option One Mortgage Corp., 2010 WL 1729770, *8 (E.D. Cal. 2010) ("Under Federal law, an injunction is a remedy to another claim or cause of action and not a claim or cause of action in and of itself."). Accordingly, the court grants Leong's motion to dismiss Hahn's Seventh Claim for Relief.

H. Leave to Amend.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." F.R.Civ.P. 15(a)(2).[6] "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991). "[L]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" U.S. v. SmithKline Beecham, Inc., 245 F.3d 1048, 1052 (9th Cir. 2001) (citation omitted); Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir. 2001) (quoting Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)).

Leong's motion to dismiss Hahn's original complaint was granted with leave to amend.

---

[5] In this regard, Hahn has not clearly alleged the exact nature and extent of the Debtor's interest in the Burbank Property at the time of the transfer, i.e., sole title to the Burbank Property or an undivided one-half community interest in the property. In paragraph 11 of the First Amended Complaint, Hahn states that "[t]he Debtor and Ms. Leong legally acquired title to the [Burbank] Property as 'husband and wife, as community property.'" First Amended Complaint, 3:6-7. However, in paragraph 15, Hahn alleges that "[i]n the Prior Bankruptcy Case, the Debtor indicated that he owned a 100% interest in the [Burbank] Property on his Schedule A." Id. at 3:15-16.

[6] Rule 15(a)(2) is applicable to adversary proceedings by virtue of FRBP 7015.

Hahn was given the opportunity to re-plead his claims for relief and to allege specific facts upon which his claims were based to satisfy both Rule 9(b)'s heightened pleading standard and the threshold pleading requirements under Rule 8 established by Twombly and Iqbal. Given the nature of the deficiencies in Hahn's Fifth, Seventh, and Eighth Claims for Relief, the court finds that Hahn's pleading could not possibly be cured by the allegation of other facts.

CONCLUSION

For the reasons stated, the court finds that Hahn's First Amended Complaint fails to allege specific, particularized facts that support a reasonable inference that Hahn has a plausible claim against Leong for avoidance of a preferential transfer. Hahn's claim for a declaratory judgment is duplicative, and injunctive relief is a remedy. Therefore, Leong's motion to dismiss Hahn's First Amended Complaint under Rule 12(b)(6) will be granted as to the Fifth, Seventh, and Eighth Claims for Relief without leave to amend.

A separate order will be entered consistent with this memorandum.

DATED: December 22, 2010

PETER H. CARROLL
United States Bankruptcy Judge